IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYEASTSHA HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TORRES CREDIT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Torres Credit Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

## PARTIES

6. Plaintiff Tyeastsha Howard is a resident of the Northern District of Illinois.

7. Defendant Torres Credit Services, Inc., is a Pennsylvania corporation with offices at 27 Fairview Street, Suite 103, Carlisle, PA 17013.

8. Defendant Torres Credit Services, Inc. operates a collection agency, using the mails and telephone system to collect alleged defaulted debts originally owed to others.

9. Defendant Torres Credit Services, Inc. is a debt collector as defined in the FDCPA.

## FACTS

10. Defendant has been attempting to collect from plaintiff an alleged utility bill incurred for personal, family or household purposes and not business purposes.

11. In its attempt to collect, defendant made inquiries that appeared on plaintiff's credit report on multiple occasions within a brief period of time. For example, defendant made inquiries that appeared on plaintiff's credit report on Jan. 5, 2011, Jan. 6, 2011, Jan. 12, 2011, Jan. 20, 2011, Jan. 27, 2011, Jan. 31, 2011, Feb. 10, 2011, Feb. 11, 2011, Feb. 12, 1011, Feb. 23, 2011, March 2, 2011, March 10, 2011, March 17, 2011, March 18, 2011, March 26, 2011, and March 30, 2011.

12. After defendant made a series of inquiries that appeared on plaintiff's

credit report, a representative of defendant spoke to plaintiff and stated that "Unless you pay us you will not be able to get a job."

13. There is no legitimate purpose for making inquiries that appear on a person's credit report 16 times in less than 3 months.

14. Defendant's conduct was calculated to harass and intimidate.

15. Defendant's conduct did in fact cause harassment and aggravation.

16. Illinois employers are generally not permitted to obtain credit information for employment purposes. 820 ILCS 70/1 et seq.

## COUNT I – FDCPA

17. Plaintiff incorporates paragraphs 1-16.

18. Defendant's conduct violated 15 U.S.C. §§1692d, 1692e, 11692e(5), 1692e(10), and 1692f.

19. Section 1692d provides:

**§ 1692d.     Harassment or abuse [Section 806 of P.L.]**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .**

20. Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

21. Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages;

(2) Statutory damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as is proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

22. Plaintiff incorporates paragraphs 1-16.

23. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

24. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false.**

**(14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

25. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1)  Compensatory and punitive damages;

    (2)  Costs.

    (3)  Such other and further relief as is appropriate.

          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25511\Pleading\Complaint_Pleading.WPD

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

Tyeastsha Howard declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true.

_____
Tyeastsha Howard